JOANNA DUNCAN, appellant,

*v.*

GILBERT S. DAVISON, executor &c., respondent.

———

JOANNA DUNCAN, appellant,

*v.*

ROSETTA VOORHEES, executrix &c., respondent.

1. Where one of three executors took possession of and separately accounted for the entire estate, without exception on the part of the beneficiaries, his co-executors are not liable to be called to account therefor.

2. Executors cannot be called to account, in the orphans court, for alleged negligence in allowing their co-executor to receive and hold all the assets of the estate, and to waste them by failure to make investments thereof, as directed by the will.

———

Appeals from decrees of Middlesex orphans court overruling exceptions to an affidavit filed as an account in the first of the above-stated cases, and to an account filed in the other case.

*Mr. J. W. Beekman,* for appellant.

*Messrs. W. Strong & Sons,* for respondents.

THE ORDINARY.

Abraham V. N. Voorhees, late of Middlesex county, died in 1863. He left a will, which was proved by the three executors, who were his father, Garret G. Voorhees, his widow, Rosetta Voorhees, and Gilbert S. Davison, his uncle. By the will, which was proved September 11th, 1863, he directed his executors to sell his real estate and turn his personal property into money and from the money arising from such conversion of his real and personal property, first, to pay his debts and funeral ex-

penses.  Second, to pay to his widow $2,000.  Third, to invest
and secure, by good and sufficient bond and mortgage, the sum
of $4,000 for the benefit of his widow for life, with remainder to
his adopted daughter, Annie Voorhees, his sister, Joanna Dun-
can, and his brother, Uriah D. Voorhees.  Fourth, to invest
well and sufficiently, upon bond and mortgage, $1,000 for the
benefit of his adopted daughter.  Fifth, to invest the like sum for
his sister Joanna, for life, with remainder to her children.  Sixth,
to invest $1,000 for the benefit of his brother Uriah, for life,
with remainder to Uriah's children.  Seventh, to pay his father
$700 for his own use.  Eighth, to pay his father for his (the
testator's) half-sister Sophia, $100.  Ninth, to pay to his father
the like sum for another half-sister, Margaret.  Tenth, to pay
him the like sum for another half-sister, Angella.  Whatever
balance of his estate should remain was to be disposed of as pro-
vided in the third section.  He then added that if his estate
should prove insufficient for all the payments and investments,
he directed his executors to follow strictly the directions of the
will nevertheless, in the order therein above stated, without dimi-
nution of the sums mentioned, until the estate should be ex-
hausted.  By a codicil he gave specific legacies to his wife and
others.  The three executors filed the inventory.  It amounted
to $15,637.56.  They sold the real estate for $5,000.  Part of
the property inventoried was the testator's interest in a part-
nership.  The members of the firm were his father (Garret G.
Voorhees) and himself, and they, up to his death, carried on the
clothing business in the city of New Brunswick.  His father
continued to carry it on alone afterwards.  In 1867, Garret G.
Voorhees accounted alone, and he never accounted afterwards.
The other two executors have never accounted except by the
accounts brought up by these appeals.

By his account Garret G. Voorhees was charged with the amount
of the inventory, $15,637.56, the excess of the sales of property
inventoried over the appraisement, $92.46 ; the amount received
for the real estate, $5,000 ; the amount of an error in appraising
four notes, $1,750, and interest received on notes beyond the
amount of interest as appraised, $87.11—altogether, $22,567.13.

Duncan v. Davison.

He was allowed, among other things, the specific legacies, :the legacy of $2,000 to the widow, the trust fund of $4,000 for her benefit, and the fund of $1,000 for the benefit of the testa-.tor's adopted daughter. The account as passed showed a balance against him of $1,937.66. He was allowed commissions .as executor on the whole amount of the inventory. In or about the latter part of the year 1874, he paid to the guardian of Uriah D. Voorhees's children the legacy of $1,000, given to Uriah for life. Uriah D. Voorhees was then dead. He died in 1870. Garret G. Voorhees never paid the legacy to Mrs. Duncan. He paid her various sums (altogether $775) for interest upon it (the payments ran from November 1st, 1869, to November 17th, 1880), but he paid nothing more. He died .about February, 1882, insolvent. He never invested Mrs. Duncan's legacy nor paid it, nor any part of it, over to the other executors or either of them. In or about 1881, Mrs. Duncan cited him and the two other executors to account. The latter .accounted separately in that year. The widow, in her account, charged herself with the legacy of $1,000, given by the fourth section of the will and the legacy of $4,000, given by the third, .and prayed allowance for the former and for $1,750 expended of the latter (the executors were empowered by the will to pay .her portions of the principal from time to time for her support, .of the necessity for which payments she was to be the judge) for .certain counsel fees and costs of the accounting, and the amount .due on securities, in which the balance of the $4,000 was invested. Mr. Davison filed no formal account, but only an .affidavit stating that he had never received or had any part of the estate. Mrs. Duncan excepted to the widow's account and Mr. Davison's affidavit, on the ground that the accountants had not charged themselves with the amount due her for her legacy. The exceptions were overruled, and the accounts passed. She appealed.

The evidence shows that Garret G. Voorhees received all the estate. Out of the receipts he appears to have paid the debts :and those of the legacies for which he claimed allowance in his :account, and the legacy to Uriah D. Voorhees's children. The

widow of the testator received nothing except the amount of the legacies in her favor, which was paid over to her by him as and for those legacies.    Mr. Davison never received anything except $10 or $11, the price of articles bought by him at the vendue, which money he at once paid over to Garret G. Voorhees.    The latter, in 1867, accounted for the entire estate, as having been received by him alone, and his account was passed, charging him with it accordingly.    What the widow received from him was, as already stated, paid to and received by her as legatee.    Garret G. Voorhees, having alone received and separately accounted for the entire estate, his co-executors are not liable to be called to account for it or any part of it.    It is settled law that, as a general rule, executors are not liable beyond the amount which has come, or ought to have come, to their hands; and where there are two or more executors, each has a several right to receive the assets and to discharge debts due the estate, and is responsible only for such of the assets as he receives.    In this case, Garret G. Voorhees took possession of all the assets, and the other two executors received no part thereof.    It is urged, however, that he wasted part of the estate, and that it was the duty of his co-executors to protect it against such waste, by requiring him to invest it, but that they did not do so; and it is insisted that, therefore, they should be charged with the money so wasted.    While such negligence on their part, if established, may be good ground for charging them in a court of equity, it is not good ground for charging them in the orphans court with money which it is shown clearly never came to their hands, but which came to the hands of their co-executor. The balance remaining in the hands of Garret G. Voorhees, upon his account, was $1,937.66, and the value of the testator's interest in the partnership of G. G. Voorhees & Son was, according to that account, $2,678.01.

The orphans court was right in overruling the exceptions. The decrees appealed from will be affirmed, with costs.